UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALHASSANE DIALLO,

           Petitioner,

    v.

U.S. DEPARTMENT OF HOMELAND
SECURITY et al.,

           Respondents.

CASE NO. 2:26-cv-01249-TL

ORDER

On April 11, 2026, Petitioner filed a petition for writ of habeas corpus (Dkt. No. 1), followed on April 14, 2026, by a motion for a temporary restraining order ("TRO") (Dkt. No. 4). On April 14, 2026, the Court provisionally granted the TRO and barred Respondents from removing Petitioner from the United States before 5:00 p.m. PDT on April 17, 2026. Dkt. No. 5.

On April 16, 2026, Respondents responded to Petitioner's motion. Dkt. No. 7. On April 17, 2026, Petitioner filed a reply. Dkt. No. 10.[1]

---

[1] Under Local Civil Rule 65(b)(5), reply briefs in support of a TRO motion are not permitted. However, based upon Respondents' opposition, the Court intended to issue an order directing a reply in this matter—but not until Petitioner's Counsel has had an opportunity to speak with Petitioner. Therefore, the Court STRIKES the submission.

ORDER – 1

Having reviewed the Petition and Motion, and given Petitioner's transfer from the Western District of Washington to facilities in Texas and Louisiana (*see* Dkt. No. 4 ¶ 30), it is apparent that Petitioner has been unable to meaningfully consult with his counsel due to the speed of his removal from this District. *See, e.g.*, Dkt. No. 1-2 (Dokey Decl.) at 1–2 (detailing attempts to locate and contact Petitioner); Dkt. No. 4 ¶ 29 ("Counsel has been unable to contact [Petitioner].").

The Petition raises grave concerns about the imminent, irreparable harm Petitioner faces in light of his impending removal from the United States to Ghana. Dkt. No. 1 ¶¶ 1–2. With respect to third-country removals to Ghana in particular, Petitioner describes Respondents as having engaged in an "attempted . . . 'end-run' around the protections of the Convention Against Torture by deporting a group of migrants to Ghana, which sent them to their countries of citizenship despite fears of persecution," Dkt. No. 1 ¶ 48; *see also* Dkt. No. 1-5 (Reuters Article) at 1–6. Therefore, it is essential that Petitioner be permitted to consult with his attorney to ensure that all relevant facts and claims are included in both his habeas petition and TRO motion, as well as in any reply to Respondents' opposition. *See Phetsadakone v. Scott*, No. C25-1678, 2025 WL 2579569, at *4 (W.D. Wash. Sept. 5, 2025) ("Conduct by ICE, including detention transfers away from counsel, may interfere with an existing attorney-client relationship in contravention of a noncitizen's constitutional and statutory right to counsel.").

Therefore, the Court ORDERS:

1.      The Parties SHALL meet and confer, then provide the Court with a proposed briefing schedule that:

      a.      affords Petitioner time to consult with counsel and file an amended petition and/or motion for temporary restraining order (or preliminary

ORDER – 2

injunction) that includes any additional facts that Petitioner deems necessary;

    b.    provides Respondents with an opportunity to respond to both the amended petition and/or any motion; and

2.    The Parties SHALL also discuss whether Respondents will agree to a stipulated order not to remove Petitioner from the United States during the pendency of this action.

3.    The Parties SHALL file their proposed schedule and any stipulation regarding removal (if one can be reached) **no later than 5:00 p.m. PDT on Tuesday, April 21, 2026.** If the Parties cannot reach agreement, they SHALL file a single submission setting forth each of their proposals.

4.    The provisional Order prohibiting Respondents from removing Petitioner from the United States (Dkt. No. 5) is EXTENDED. This order is solely for the purpose of maintaining the status quo, so that the court may review the merits of the motion after receiving full facts and briefing.

5.    Respondents are PROHIBITED from removing Petitioner from the United States until authorized to do so by this Court.

6.    The prior Scheduling Order (Dkt. No. 2) is STRICKEN.

7.    Petitioner's reply (Dkt. No. 10) is STRICKEN.

Dated this 17th day of April, 2026.

Tana Lin
United States District Judge

ORDER – 3